(No. 73352.— )

RICHARD WAKEFORD, Appellee, v. RODEHOUSE RESTAURANTS OF MISSOURI, INC., Appellant.

*Opinion filed December 4, 1992.—Rehearing denied March 29, 1993.*

544

HEIPLE, J., dissenting.

Appeal from the Appellate Court for the Fifth District; heard in that court on appeal from the Circuit Court of Madison County, the Hon. Nicholas G. Byron, Judge, presiding.

James E. Gorman and Martin K. Morrissey, of Reed, Armstrong, Gorman, Coffey, Thomson, Gilbert & Mudge, P.C., of Edwardsville, for appellant.

Richard Shaikewitz and Samuel A. Mormino, Jr., of Wiseman, Shaikewitz, McGivern, Wahl, Flavin & Hesi, P.C., of Alton, for appellee.

Bruce Robert Pfaff and Kevin J. Conway, of Chicago, for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE CLARK delivered the opinion of the court:

On November 2, 1984, plaintiff, Richard Wakeford, and his wife, Dawn, had dinner at the Ramada Inn restaurant in Alton, Illinois. At approximately midnight, the couple left the restaurant and approached their car, which was parked near the restaurant's exit. At this time, an unidentified man with a gun approached plain-

tiff as he unlocked the passenger side door. The man shot three times, striking plaintiff in the temple, ear, chest and left hand. The assailant then fled and has never been identified.

Plaintiff filed suit in the circuit court of Madison County against defendant, Rodehouse Restaurants of Missouri, Inc., the owner of the Ramada Inn. The complaint alleged that by failing to provide security guards and adequate lighting in the parking lot, defendant failed to reasonably protect its patrons. The complaint alleged that this failure constituted negligence as well as willful and wanton misconduct.

During his opening statement at trial, defense counsel stated that he would be calling two Alton police officers to testify about the need for security guards at the Ramada Inn. Plaintiff objected on the grounds that no police officers had been disclosed as expert witnesses under Supreme Court Rule 220 (134 Ill. 2d R. 220). The court overruled this objection.

During the trial, defendant took the evidence deposition of Alton police officer Robert Lahlien as a witness. Officer Lahlien was one of the officers who investigated the shooting. He testified that he had lived in Alton all his life and been a police officer there since August of 1972. As part of his duties with the Alton police department, Lahlien is required to review crime reports on a daily basis. Lahlien also reviewed the police department's index card file wherein crimes are categorized by geographical area. Over plaintiff's objections, Lahlien testified that, in his opinion, the Ramada Inn was not located in a high-crime area and that he did not believe a security guard was necessary at the hotel.

The jury returned a verdict in favor of defendant. On appeal, the appellate court reversed and remanded for a new trial. (223 Ill. App. 3d 31.) The appellate court held that it was error to permit Officer Lahlien's testimony

because he should have been disclosed as an expert witness under Rule 220. (223 Ill. App. 3d at 42.) The appellate court also held it was error for defendant to cross-examine plaintiff regarding the insurance benefits he received under his wife's policy. We granted defendant's petition for leave to appeal. 134 Ill. 2d R. 315.

Supreme Court Rule 220(a)(1) defines an expert witness as someone "who, because of education, training or experience, possesses knowledge of a specialized nature beyond that of the average person on a factual matter material to a claim or defense in pending litigation and who may be expected to render an opinion within his expertise at trial." (134 Ill. 2d R. 220(a)(1).) Defendant concedes that based on Lahlien's experience and training as a police officer he was an expert witness under Supreme Court Rule 220(a).

At issue in this case is whether Lahlien was subject to the disclosure and discovery requirements of Rules 220(b) and (c). Rule 220(b)(1) provides in part:

"In order to insure fair and equitable preparation for trial by all parties the identity of an expert *who is retained to render an opinion at trial* on behalf of a party must be disclosed by that party [no later than 60 days before trial] ***. Upon disclosure, the expert's opinion may be the subject of discovery as provided in paragraph (c) hereof. Failure to make the disclosure required by this rule or to comply with the discovery contemplated herein will result in disqualification of the expert as a witness." (Emphasis added.) (134 Ill. 2d R. 220(b)(1).)

Rule 220(c) provides that upon being served with interrogatories a party "retaining or employing" an expert witness must disclose the subject matter of the expert's expected testimony, the expert's opinion on the matter, the bases for that opinion and the expert's qualifications. (134 Ill. 2d R. 220(c)(1).) Rule 220(c) also requires a party

to "seasonably supplement" the answers to interrogatories under that rule. 134 Ill. 2d R. 220(c)(3).

Defendant contends that Lahlien is not subject to the disclosure requirements of Rule 220(b)(1) because he was not "retained" as an expert. Defendant relies on this court's opinion in *Tzystuck v. Chicago Transit Authority* (1988), 124 Ill. 2d 226, as support for this assertion. In *Tzystuck* this court held that even though a treating physician is an expert witness under Rule 220(a), his identity as an expert need not be disclosed prior to trial. This court reasoned:

"[Rule 220(b)(1) requires] litigants to disclose the identity and opinions only of those witnesses who are engaged for the purpose of giving an expert opinion at trial. It may be said that the connection between a medical expert who is 'retained to render an opinion at trial' and the party to the suit may be litigation-related, rather than treatment-related. Treating physicians, on the other hand, typically are not 'retained to render an opinion at trial' but are consulted, whether or not litigation is pending or contemplated, to treat a patient's physical or mental problem. While treating physicians may give opinions at trial, those opinions are developed in the course of treating the patient and are completely apart from any litigation. Such an opinion is not formed in anticipation of trial, but is simply the product of a physician's observations while treating the patient, which coincidentally may have value as evidence at trial. In this respect, the opinions of treating physicians are similar to those of occurrence witnesses ***." *Tzystuck*, 124 Ill. 2d at 234.

In *Tzystuck*, this court noted that Rule 220 was designed to "facilitate trial preparation and the evaluation of claims by eliminating the late or surprise disclosure of experts at trial." (*Tzystuck*, 124 Ill. 2d at 238.) In this light, it was significant that the identity of the examining physician was disclosed and that the doctor could have been deposed under Supreme Court Rule 204. (*Tzy-*

*stuck*, 124 Ill. 2d at 238.) Because the defendants in *Tzystuck* could not reasonably be surprised that the treating physician was rendering an opinion about the plaintiff's medical condition, disclosure under Rule 220 was unnecessary.

As additional support for the holding in *Tzystuck*, this court noted that a party cannot exert the same control over a nonretained expert that can be exerted over a retained expert. This was significant because of the discovery requirements Rule 220(c) imposes on the party retaining an expert witness. While the lack of control bolsters the rationale of the holding in *Tzystuck*, we believe the primary basis of the decision rests in the need to eliminate surprise expert testimony.

Since *Tzystuck* was decided, our appellate court has been called upon to determine whether various experts were "retained" under Rule 220. In each instance, the appellate court has examined the expert's relationship to the case to determine whether the expert's opinion testimony would surprise the opposing party. See, *e.g., Nolan v. Elliott* (1989), 179 Ill. App. 3d 1077 (former ambulance driver who was eyewitness to accident involving ambulance was Rule 220 expert for purposes of testifying regarding proper procedures to be followed by ambulance driver on emergency run); *Smith v. Central Illinois Public Service Co.* (1988), 176 Ill. App. 3d 482 (engineer employed by defendant as plant manager is not Rule 220 expert in case involving design and construction of facility at which plaintiff injured); *Redmon v. Austin* (1989), 188 Ill. App. 3d 220 (fireman present at scene after an auto accident was Rule 220 expert for purposes of reconstruction testimony); *Voyles v. Sanford* (1989), 183 Ill. App. 3d 833 (assistant driver of truck involved in accident was not Rule 220 expert for purposes of giving opinion on proper braking procedures for truck).

We agree with our appellate court that the question of whether a witness must be disclosed as an expert under Rule 220 depends on the expert's relationship to the case. If the expert is intimately involved in the underlying facts giving rise to the litigation and he would reasonably be expected to form an opinion through that involvement, then disclosure is not required. In such a case, the opposing party is unlikely to be surprised by the testimony. On the other hand, where the expert's contact with the case is slight, or where the opinion rendered is unrelated to the expert's involvement in the case, then disclosure is required.

In the present case, we find that because Lahlien's testimony was beyond the scope of his investigation, he was a "retained expert" under Rule 220. Lahlien's role as the investigating officer was limited to identifying and apprehending the man who shot plaintiff. Due to his status as a post-occurrence witness, Lahlien could testify regarding the facts uncovered by the investigation without the need for disclosure under Rule 220. (See *Redmon*, 188 Ill. App. 3d at 226.) However, Lahlien could not give his opinion regarding matters unrelated to his investigation without disclosure.

Lahlien testified that in his opinion the Ramada Inn was not located in a high-crime area and that there was no need for a security guard at the hotel. These opinions are unrelated to his investigation of the underlying crime in this case. But for the litigation Lahlien would not have been called upon to render an opinion about the need for a security guard. The opinion is not so related to the investigation of the crime that a party could reasonably anticipate that Lahlien would testify on the matter. Thus, even though Lahlien investigated the crime independently of plaintiff's lawsuit and was not under defendant's control, he was a retained expert under Rule 220.

We also reject defendant's argument that any error in the admission of Lahlien's testimony was harmless. Defendant contends that Lahlien's testimony was cumulative of the testimony of defendant's other expert. However, given Lahlien's status as investigating officer, we cannot presume that his testimony had no impact on the jury's decision. Therefore, we find the error was not harmless.

Because we affirm the appellate court's decision on this issue, we need not consider defendant's other arguments on appeal.

For the foregoing reasons, we affirm the appellate court's judgment.

*Affirmed.*

JUSTICE HEIPLE, dissenting:

This case involves a shooting in a parking lot. Plaintiff sued defendant claiming negligence for failure to provide security guards on the premises. At trial, a single issue required resolution: whether security guards were necessary. This was not complex litigation; there was not much that the plaintiff's attorney had to anticipate. If nothing more, any reasonable attorney would expect two things from defendant at trial: that it would try to refute the claim that security guards were necessary, and that it would call the witnesses it disclosed pursuant to Rule 201 to help it refute that claim. Defendant did so in this case, and little more. The jury returned a verdict in favor of defendant.

Yet today the majority reverses the verdict, giving credence to plaintiff's allegation of surprise. This surprise stems from defendant's calling the officer who investigated the shooting to help support its defense that security guards were not necessary. Never mind that his identity was disclosed, albeit under a different rule than plaintiff would have liked; never mind that the officer

was available to both sides prior to trial for discovery; never mind that any attorney worth his salt would have anticipated that defendant would call the officer who investigated the shooting and would dispute the claim that security guards were necessary. In an opinion that abandons all reason in order to give the plaintiff a second bite at the apple against a corporate defendant, the majority overturns a perfectly sound jury verdict. I dissent.

Today's opinion can be bifurcated. The majority first analyzes the requirements of Rule 220, and does an adequate job of doing so. However, its application of the rule to the facts of this case is shockingly off the mark. Although I have no quarrel with the majority's abstract discussion of Rule 220, I dissent because the majority egregiously misapplies the law to the facts.

At issue is the scope of Rule 220. As the majority notes, this court addressed the scope of this rule in *Tzystuck v. Chicago Transit Authority* (1988), 124 Ill. 2d 226. In that case, a treating physician was called upon to give an opinion despite the fact that he had not been disclosed as an expert witness. After a jury verdict for the plaintiff, the defendants appealed, claiming *inter alia* that disclosure was required.

This court rejected the defendants' claim. While the court agreed that the definition of an expert witness in Rule 220(a)(1) would include a treating physician, it ruled that the mandate for disclosure in sections (b) and (c) of the rule is more limited. These sections indicate that not all experts are required to be disclosed as experts.

To determine which experts were excluded from compelled disclosure, the opinion gave great weight to whether the expert was retained for the purpose of rendering an opinion at trial. The word "retained" was taken straight from Rules 220(b) and (c); (b) requires disclosure of "the identity of an expert who is retained to render an opinion at trial," and (c) requires "the party

retaining or employing an expert witness" to comply with discovery rules concerning experts. This court ruled that a retained expert referred to those witnesses engaged for the purpose of giving litigation-related testimony, rather than transaction-related testimony. *Tzystuck*, 124 Ill. 2d at 234.

Applying this principle to the facts in *Tzystuck*, this court concluded that disclosure of treating physicians as experts was not required by Rule 220, since these physicians would be giving transaction-related testimony. In support of this conclusion, the opinion noted the history of Federal Rule of Civil Procedure 26(b)(4), after which Rule 220 was modeled. The committee notes to that rule cautioned that "the rule does not apply to 'the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert witness should be treated as an ordinary witness.' " *Tzystuck*, 124 Ill. 2d at 235, quoting Fed. R. Civ. P. 26(b)(4), Advisory Committee Notes (1970 amendment).

Applying the rationale used in *Tzystuck* to the instant case, the majority here reiterates the same three themes as in *Tzystuck*. First, it states that the possibility of surprise is important. Since "the defendants in *Tzystuck* could not reasonably be surprised *** disclosure under Rule 220 was unnecessary." (154 Ill. 2d at 548.) Therefore, a witness that an opposing party should reasonably expect to be called will probably not fall within the disclosure compelled by Rule 220.

Second, the majority cites the greater control over retained experts versus nonretained experts. This was an important factor in *Tzystuck*; the conclusion that the treating physicians were not required to be disclosed was:

"logical in light of discovery obligations which Rule 220(c) imposes upon parties. Subsection (c) obligates the party 'retaining or employing' an expert witness to respond to interrogatories regarding the subject matter of the expert's testimony, the expert's conclusions, opinions and the bases thereof, and the expert's qualifications. [Citation.] The party retaining the expert must also continuously keep·in touch with the witness in regard to his opinion and advise opposing parties of any changes in the opinion by seasonably supplementing answers to interrogatories propounded under the rule. [Citation.] An expert who refuses or fails to satisfy the discovery obligations of Rule 220(c) is disqualified as a witness. [Citation.]

Rule 220(c) not unreasonably presumes that a litigant who retains an expert witness has control of that witness and will have the expert's cooperation in answering and supplementing interrogatories of opposing parties." (*Tzystuck*, 124 Ill. 2d at 237.)

Thus, if a party has little or no control over a witness, disclosure of the witness' identity will probably not be required under Rule 220, due to the difficulty of fulfilling the rule's other requirements concerning expert witnesses.

Finally, the majority rules that ultimately a witness' intimacy with the case is the determinative factor concerning the disclosure requirement; the more closely the witness is tied to the case, the less likely he is required to be disclosed as an expert. This is because a higher degree of intimacy will give fair warning to the opposing party of the likelihood that the witness will be called, even without disclosure under Rule 220.

I agree that these three points are salient. Contrary to the majority, however, these points lead me to the conclusion that defendant did not have to disclose Officer Lahlien as an expert. First, plaintiff should not have been surprised by his testimony; as in *Tzystuck*, his name was disclosed as an occurrence witness pursuant

to Rule 201. Similar to the rationale in *Tzystuck* that "[t]here is no reason why a defendant should be surprised by the medical testimony of a treating physician at trial [since although] treating physicians are not experts within the meaning of Rule 220, their identity is discoverable under Supreme Court Rule 201(b)(1)" (*Tzystuck*, 124 Ill. 2d at 238), disclosure of Lahlien's name under Rule 201 should have adequately notified plaintiff of his possible testimony.

Second, Lahlien was not retained by the defendant. Rather, he was the officer that investigated the shooting. This court ruled in *Tzystuck* that since a party generally does not have control over treating physicians, disclosure is not required by Rule 220. A party inarguably has even less control over a testifying police officer, who has never been compensated by the party and has no professional relationship with the party whatsoever.

Further, the rationale used in *Tzystuck* compels the result that defendant's lack of control over Lahlien in the instant case exempted Lahlien from Rule 220 disclosure. It is difficult to imagine defendant successfully keeping plaintiff apprised of any changes in Lahlien's opinions, as required by the rule. Further, there was little incentive to compel Lahlien to adequately answer the multiple interrogatories that plaintiff could have put to him. Disqualification is the price imposed upon a party when an unpaid occurrence witness who falls within the majority's unfortunate expansion of the term "expert" fails to give a case the same attention as a paid expert. That is a high price to pay, and a huge reward to opponents who can easily disqualify such witnesses simply by treating them as experts. Since defendant had to take the investigating officer as it found him, and therefore lacked the control that was so important in *Tzystuck*, the officer should not be deemed an expert under Rule 220.

Finally, Lahlien was intimately involved in the case, as he was the investigating officer of the crime. His opinion regarding the need for security guards at the scene of the crime fell within that involvement, and he was not required to disregard the knowledge he derived from his experience as a policeman, including the relative safety of the crime scene (which he learned from an index card system at the police station). The majority concludes that intimacy is the dispositive factor for determining whether Rule 220 compels disclosure. Due to Lahlien's very close relationship with the instant case, I suggest as inevitable the conclusion that disclosure of his identity was not required.

For the above reasons, I dissent from the majority's conclusion that Rule 220 required defendant to disclose Officer Lahlien as an expert witness. I would reverse the appellate court and reinstate the jury finding in favor of defendant.