ROSIE HEARD, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (4th Division) No. 1—92—4141

Opinion filed June 30, 1994.

Joshua Sachs and Stephen Jay McMullen, both of Chicago, for appellant.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Harry L. Dubnick, Assistant Corporation Counsel, of counsel), for appellee.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

On July 31, 1986, as plaintiff, Rosie Heard, was about to park her car at 815 North Pulaski Road in the City of Chicago (the city), she sustained injuries when the brick wall of a fire-damaged building at that location collapsed and fell upon her car. Plaintiff initiated the instant action seeking recovery against several defendants including the city. In count II of her second-amended complaint, plaintiff charged that the city was negligent in failing to barricade the public areas adjacent to the fire-damaged building, failing to reroute traffic on Pulaski Road, and failing to warn of a dangerous condition. The matter was tried before a jury which returned a verdict in favor of the city and against the plaintiff. In addition to its verdict, the jury, in answer to one of several special interrogatories, found that it was not reasonably foreseeable that the building would fall onto Pulaski Road on or before July 31, 1986. The trial court entered judgment on the verdict and denied plaintiff's post-trial motion seeking a new trial. Plaintiff has appealed, and for the following reasons, we affirm.

Plaintiff seeks reversal and remandment for a new trial contending that: (1) the city improperly implied in closing argument that it was self-insured and any judgment against it would be paid out of tax revenues; and (2) the city improperly elicited an expert opinion from one of its employees violating Supreme Court Rule 220 (134 Ill. 2d R. 220).

●1 As to plaintiff's first contention, we have thoroughly examined the record and fail to find any suggestion in the city's closing argument that it was self-insured or that a judgment against it would be satisfied from tax revenues.

Generally, evidence which informs the jury that a defendant in a personal injury action is insured against liability is inadmissible. (*Imparato v. Rooney* (1981), 95 Ill. App. 3d 11, 15, 419 N.E.2d 620.) Such evidence is inadmissible because it is irrelevant to the issue of the defendant's negligence and it may result in a higher jury verdict than if the jury was unaware of whether the defendant was insured.

*Imparato*, 95 Ill. App. 3d at 15; see also *Huber v. Seaton* (1989), 186 Ill. App. 3d 503, 507, 542 N.E.2d 464.

It is true in this case, as plaintiff claims, that counsel for the city argued it does not "insure against all problems that happen in the city." Taken in context, however, that comment refers to the absence of any duty on the city's part to protect those upon its streets from unforeseeable occurrences and had nothing to do with liability insurance. Also, we find nothing objectionable about the comment by the city's counsel that "nothing in the law will allow you, on the basis of sympathy, to make my client, the people of the City of Chicago, write a check to Mrs. Heard for something that they didn't do." We need not cite to authority for the proposition that absent liability on the part of a defendant, juries are not at liberty to award damages to a plaintiff out of sympathy. When viewed in context, we find nothing in the comments of defense counsel that misstates the law or even remotely suggests that a judgment against the city would have been paid from tax revenues.

●2 As to plaintiff's second contention, we find that she has waived this issue for appeal and even if the issue was not waived, the witness in question was not subject to disclosure under Rule 220.

The witness, James Doyle, was a building inspector employed by the city. In April of 1984, in the course of his employment for the city, Doyle inspected the building in question after it was damaged by fire. As a result of that initial inspection, Doyle concluded that the building had been 52% damaged. The city sent a notice to the owners of the building stating that it was in a "dangerous and unsafe condition" and constituted "an actual and imminent danger to the public." Subsequently, the city initiated an action against the owners in the circuit court of Cook County alleging building code violations and seeking to compel them to rehabilitate or demolish the structure. In his capacity as an inspector for the city, Doyle inspected the building several times prior to its eventual collapse and testified to those findings in the action involving the building code violations.

In the present case, plaintiff called Doyle as a witness in her case in chief. Doyle testified to his experience in the construction industry, his experience as a building inspector for the city, his training as a building inspector, and his findings as to the condition of the building on the dates that he inspected it prior to its collapse. When questioned by plaintiff's counsel, Doyle testified that his determination the building was 52% damaged meant it was a candidate for demolition because it was not economically feasible to rehabilitate it. Pressed further, he testified that another reason for recommending demolition of such a building would be his determination that it was not worth saving because it was unsafe and could possibly collapse.

After plaintiff rested, Doyle was also called as a witness for the city. When the city's counsel asked Doyle his opinion on whether it was foreseeable that the building would fall, plaintiff's attorney objected arguing that the city failed to qualify Doyle as an expert. Explaining his objection, plaintiff's counsel stated: "Mr. Doyle has not been qualified as an expert. *I realize he's not a 220 expert,* but he has not been qualified to render an opinion beyond the realm of a layman." (Emphasis added.) Thereafter, the city's counsel had Doyle again relate his experience and training; the city then tendered Doyle as an expert. Plaintiff's counsel again objected on foundational grounds. The trial court overruled the objection and found Doyle was an expert. The city's counsel then asked Doyle for his opinion as to whether or not, prior to July 31, 1986, "[i]t was likely or foreseeable for the building to fall in the way that it eventually did onto Pulaski Road." In response, Doyle stated that in his opinion, the walls were not going to collapse, the walls were not showing any signs that they were going to collapse, and "[i]t was only through an act of God that this wind force came up and collapsed the wall along the Pulaski elevation." Plaintiff's counsel did not further object to this testimony. Further, plaintiff never raised any issue relating to Doyle's testimony in her post-trial motion.

We find that plaintiff has waived any alleged error relating to Doyle's testimony for two reasons. First, by making a specific objection to the testimony, plaintiff waived all other grounds not specified. Counsel cannot object to testimony on foundational grounds before the trial court and on appeal argue that it should have been excluded because it violated Rule 220. (See *People v. Barrios* (1986), 114 Ill. 2d 265, 500 N.E.2d 415.) Secondly, by failing to raise the propriety of Doyle's testimony in her post-trial motion, plaintiff waived the issue for purposes of appeal. (134 Ill. 2d R. 366(b)(2)(iii); *Ryan v. Katz* (1992), 234 Ill. App. 3d 536, 600 N.E.2d 1206.) But even if the issue was not waived, plaintiff's contention is without merit.

The Illinois Supreme Court has explained when an expert must be disclosed under Rule 220:

"[W]hether a witness must be disclosed as an expert under Rule 220 depends on the expert's relationship to the case. If the expert is intimately involved in the underlying facts giving rise to the litigation and he would reasonably be expected to form an opinion through that involvement, then disclosure is not required. In such a case, the opposing party is unlikely to be surprised by the testimony. On the other hand, where the expert's contact with the case is slight, or where the opinion rendered is unrelated to the expert's involvement in the case, then disclosure is required."

*Wakeford v. Rodehouse Restaurants of Missouri, Inc.* (1992), 154 Ill. 2d 543, 549, 610 N.E.2d 77.

In this case, the expert, Doyle, was the building inspector that evaluated the building immediately after it was damaged by fire in 1984. He monitored the condition of the building for a period in excess of two years prior to its collapse upon plaintiff's car. His findings were recorded in his official reports which plaintiff introduced into evidence in her case in chief. Also, plaintiff deposed Doyle 15 months before trial and was aware of his involvement with the building at that time.

The record before us reveals that Doyle was intimately involved with the building before its collapse. His opinions as to the foreseeability of the building falling onto Pulaski Road were developed in the discharge of his official duties as a building inspector for the city involved in evaluating and monitoring the condition of the building before and completely apart from the event which gave rise to this litigation. It was not only reasonable to expect that he would form an opinion as to the building's stability, it was necessary to the performance of his duties. His opinions were not formulated in anticipation of trial, but were simply the product of his observations before the occurrence. (See *Tzystuck v. Chicago Transit Authority* (1988), 124 Ill. 2d 226, 234, 529 N.E.2d 525.) Further, plaintiff knew of Doyle's involvement with the building long before trial as evidenced by the content of his discovery deposition. Consequently, we find that Doyle was not subject to the disclosure requirements of Rule 220.

Because we affirm the trial court on all issues raised by plaintiff, we need not consider defendant's argument that the instant action should have been dismissed under the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 1—101 *et seq.*).

Affirmed.

CAHILL and THEIS, JJ., concur.