HOWARD JENKINS, Plaintiff-Appellant, v. DOMINICK'S FINER FOODS, INC., Defendant-Appellee.

First District (2nd Division)    No. 1—96—2788

Opinion filed June 10, 1997.

Martin J. Lucas, of Chicago, for appellant.

Michael K. Bartosz, of Chicago, for appellee.

JUSTICE TULLY delivered the opinion of the court:

Plaintiff, Howard Jenkins, brought this action in the circuit court of Cook County against defendant, Dominick's Finer Foods, Inc. (hereinafter Dominick's), seeking damages for injuries to his foot sustained after stepping on one or two nails on defendant's premises. Following a jury trial, the circuit court entered judgment for defendant and against plaintiff based upon the jury's verdict. Plaintiff filed a motion for new trial, which the circuit court denied. It is from that order that plaintiff appeals to this court pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301).

## FACTUAL BACKGROUND

In October 1988, plaintiff was employed by A.N. Webber as an over-the-road truck driver. On October 3, 1988, plaintiff was assigned to deliver a load of dog food to Dominick's in Northlake, Illinois. Plaintiff arrived at Dominick's at 7 a.m. but was not able to unload his truck until 1 p.m. According to plaintiff, by the time he was able to unload his truck, damaged wooden pallets and other debris were on the ground overflowing from a 55-gallon garbage receptacle in the dock area. As plaintiff was walking around the trailer area preparing to unload his truck, he stepped on some shrink wrap that was covering a damaged pallet with one or two nails protruding from it. Plaintiff claims that one or two of the nails penetrated his shoe and punctured his right foot. Plaintiff allegedly reported the incident to a forklift operator and suggested that they clean up the area before someone gets injured. However, plaintiff did not report his injury to any other Dominick's employees. X.L. Feazell, a Dominick's employee, testified at his deposition that he learned of plaintiff's injury through his coworker, O.C. Walton. Feazell testified that he recalled seeing an injured man sitting on a stack of pallets examining his foot.

On October 13, 1988, plaintiff developed flu-like symptoms and was hospitalized for six days in Tennessee, in order to receive intravenous antibiotics. Dr. Larry Scarborough diagnosed plaintiff with cellulitis in his lower right leg. Dr. Scarborough also found a recent puncture wound on the bottom of plaintiff's right foot. He testified that, since the puncture wound was in close proximity to the

infection, it is assumed that the infection could have come from that wound. However, Dr. Scarborough also testified on cross-examination that plaintiff's hospital chart contained a notation by nurse Evelyn Jacobs referencing a statement made by plaintiff that his foot had been sore with an open wound for years.

In addition, plaintiff testified at his deposition that, while he was hospitalized in Tennessee, he took photographs of his leg that showed redness extending from his ankle to his thigh. At trial, he also testified that someone else had taken photographs of the bottom of his foot during that same hospital stay.

One day after his release from the hospital in Tennessee, plaintiff was again hospitalized for two or three days in South Carolina, where he received the same treatment. In November 1988, plaintiff saw his family physician, Dr. Philip Zumwalt. Dr. Zumwalt testified that plaintiff complained of injuries to his right leg and foot and described to him an incident where he had stepped on two nails.

The following year, plaintiff was hospitalized twice after bumping his right leg and developing a fever. He was again placed on intravenous and oral antibiotics. Plaintiff continued to have periods of swelling during the next two years and continued taking medication.

In a separate cause of action, plaintiff filed a worker's compensation suit against his employer, A.N. Webber. A.N. Webber retained a physician, Dr. Joseph McConaughy, to examine plaintiff for purposes of the litigation. In addition to examining plaintiff, Dr. McConaughy recommended that plaintiff be fitted for a Jobst stocking (a custom-fit, thigh-high support stocking), have a venous Doppler examination and take certain medications. Dr. McConaughy also wrote prescriptions for medication for plaintiff. In response to defendant's interrogatory requesting the names and addresses of all physicians who have treated or consulted plaintiff regarding these injuries, plaintiff listed Dr. McConaughy. Defendant chose to use Dr. McConaughy as its expert witness.

At the trial in the case at hand, defendant requested and, over plaintiff's objection, the trial court tendered to the jury Illinois Pattern Jury Instructions, Civil, No. 5.01 (2d ed. 1971) (hereinafter IPI Civil 2d) for plaintiff's failure to produce the photographs of his leg and foot taken while he was hospitalized in Tennessee. The trial court also denied plaintiff's request to bar the testimony of defendant's expert witness, Dr. McConaughy. In addition, the trial court deemed inadmissible as hearsay the statements about plaintiff made by Walton to Feazell. Following the jury trial, the trial court entered its judgment, based upon the jury's verdict, against plaintiff and in favor of defendant.

## ISSUES PRESENTED FOR REVIEW

On appeal, plaintiff raises the following issues: (1) whether the trial court erred in giving IPI Civil 2d No. 5.01 to the jury; (2) whether the trial court erred in allowing defendant's medical expert to testify at trial despite defendant's failure to disclose the expert pursuant to Supreme Court Rule 220 (134 Ill. 2d R. 220); (3) whether the trial court erred in excluding statements made by Walton, a now-deceased Dominick's employee, to his coworker Feazell on the date of the incident; and (4) whether the cumulative effect of the trial errors caused unfair prejudice to plaintiff and resulted in an unfair trial.

## OPINION

Plaintiff challenges the trial court's use of IPI Civil 2d No. 5.01, which allows the jury to draw negative inferences from a party's failure to produce particular evidence. Illinois Pattern Jury Instructions, Civil, No. 5.01 (2d ed. 1971). The trial judge gave this instruction as a result of plaintiff's failure to produce at trial the photographs taken of his leg and foot while he was hospitalized in Tennessee. Plaintiff argues that the instruction was improperly given, for the photographs at issue were helpful to his case; he further argues that the photographs were cumulative evidence and that he could not produce them because he was unable to locate them. The giving of IPI Civil 2d No. 5.01 is within the sound discretion of the trial court. *Simmons v. University of Chicago Hospital & Clinics*, 162 Ill. 2d 1, 7 (1994). The trial court's determination shall not be overturned absent a clear abuse of discretion. *Simmons*, 162 Ill. 2d at 7.

■ IPI Civil 2d No. 5.01 may be properly given where some foundation is presented on each of the following: (1) the evidence was under the control of the party and could have been produced through the exercise of reasonable diligence; (2) the evidence was not equally available to the adverse party; (3) a reasonably prudent person under the same or similar circumstances would have offered the evidence if he believed the evidence to be in his favor; and (4) no reasonable excuse for the failure has been shown. *Schaffner v. Chicago & North Western Transportation Co.*, 129 Ill. 2d 1, 22 (1989). However, IPI Civil 2d No. 5.01 is not warranted where the missing evidence is merely cumulative of the facts already established. *Tuttle v. Fruehauf Division of Fruehauf Corp.*, 122 Ill. App. 3d 835, 843 (1984).

In *DeBow v. City of East St. Louis*, 158 Ill. App. 3d 27 (1987), the plaintiff brought a cause of action against the city and its police chief for injuries he sustained in an attack at the city jail. The trial judge gave IPI Civil 2d No. 5.01 to the jury in response to the defendants' failure to produce the jail inspection log reports for the date of the

attack as well as certain photographs of the plaintiff taken by a police officer at the time the plaintiff was injured. The appellate court found no abuse of discretion by the trial court in giving such an instruction. *DeBow*, 158 Ill. App. 3d at 36. The court determined that the photographs and inspection logs were under the control of the police department and were not equally available to the plaintiff. Moreover, the court held that a reasonably prudent person would have produced such evidence had it been favorable to him. Finally, the *DeBow* court noted that no reasonable explanation was offered for failing to produce the evidence and that such evidence was not merely cumulative. *DeBow*, 158 Ill. App. 3d at 36.

■ Like *DeBow*, in the present case, a sufficient foundation was laid such that the giving of IPI Civil 2d No. 5.01 by the trial judge was proper. First, the photographs taken of plaintiff's leg and foot were clearly under plaintiff's control since he testified that he took the photographs of his leg himself, that the photographs of his foot were taken during that same hospital stay and that the photographs belonged to him. Thus, we find that, through reasonable diligence, he could have located them. Moreover, since the photographs were never produced at discovery, plaintiff cannot claim that they were equally available to defendant. Also, it was not an abuse of discretion for the trial judge to determine that a reasonably prudent person in plaintiff's situation would have produced such photographs. According to plaintiff, these photographs allegedly depict the swelling and inflammation to his leg that occurred within 10 days to 2 weeks after he allegedly stepped on the nail or nails at Dominick's. A reasonably prudent person would have produced such photographs, if they were favorable to him, for they would substantiate his credibility and display the actual harm that resulted from the incident. Although plaintiff argues that such evidence was merely cumulative in light of the testimony that was given, we agree with defendant that such photographs would have been highly relevant. Since plaintiff was uncertain as to whether he stepped on one or two nails, the photographs of the bottom of his foot may have displayed such injuries. Moreover, the photographs may have depicted an open wound that plaintiff told Nurse Jacobs he had for years. Finally, plaintiff has offered no reasonable excuse for the missing photographs, other than that he could not locate them. In light of the foregoing, we find no abuse of discretion by the trial court in giving the jury IPI Civil 2d No. 5.01.

` ■ Plaintiff next argues that the trial court erred in allowing defendant's medical expert, Dr. McConaughy, to testify at trial despite defendant's failure to disclose the expert pursuant to former Supreme Court Rule 220 (134 Ill. 2d R. 220). Rule 220(b)(1) required

disclosure of experts retained to render an opinion at trial. 134 Ill. 2d R. 220(b)(1). The purpose of Rule 220 was to "facilitate trial preparation and the evaluation of claims by eliminating the late or surprise disclosure of experts at trial." *Tzystuck v. Chicago Transit Authority*, 124 Ill. 2d 226, 238 (1988). Our supreme court, in *Tzystuck*, explained this rule by stating that a physician retained to render an opinion at trial is litigation-related, rather than treatment-related. *Tzystuck*, 124 Ill. 2d at 234. Although treating physicians may render opinions at trial, such opinions are formed in the course of treating the patient and not in anticipation of trial. *Tzystuck*, 124 Ill. 2d at 234. Thus, under *Tzystuck*, treating physicians are not considered experts within the meaning of Rule 220(b)(1) since there is no surprise that a treating physician would testify at trial. *Tzystuck*, 124 Ill. 2d at 237.

In another Illinois Supreme Court decision, *Wakeford v. Rodehouse Restaurants of Missouri, Inc.*, 154 Ill. 2d 543 (1992), the court explained that whether an expert needed to be disclosed under Rule 220 depended upon his relationship to the case—when an expert was (1) intimately involved in the underlying facts giving rise to the litigation and (2) would reasonably be expected to form an opinion given his involvement, then disclosure was not required. *Wakeford*, 154 Ill. 2d at 549. However, when the expert's involvement was slight or his opinion was unrelated to his involvement, then disclosure under Rule 220 was required. *Wakeford*, 154 Ill. 2d at 549.

Finally, in *Kniceley v. Migala*, 272 Ill. App. 3d 427 (1993), the plaintiff filed a medical malpractice suit against the defendant, a physician. At trial, the plaintiff objected on Rule 220 grounds to two physicians called by the defendant as expert witnesses. The defendant contended that the physicians were not subject to Rule 220 because they were treating or examining physicians who examined the plaintiff to determine whether he was eligible for worker's compensation payments. Although the trial court allowed the witnesses to testify, the appellate court in *Kniceley* determined that the physicians' involvement in the case was slight, for neither had provided any treatment to the plaintiff and both were unaware of the extent of the plaintiff's injuries. Moreover, no one would reasonably expect the physicians to form an opinion as to the issues in the case, since they were involved strictly for worker's compensation purposes and lacked the plaintiff's total medical history. See *Kniceley*, 272 Ill. App. 3d at 435-36.

■ In the present case, Dr. McConaughy's involvement originated when he was "retained" by A.N. Webber's worker's compensation carrier in connection with plaintiff's worker's compensation action. However, Dr. McConaughy has done more than merely examine

plaintiff. He has in some ways treated him, by prescribing medication and making recommendations to plaintiff. Moreover, Dr. McConaughy's testimony could reasonably be expected by plaintiff due to (1) Dr. McConaughy's involvement in plaintiff's treatment and (2) plaintiff's listing him in response to defendant's interrogatory requesting the names of the physicians who treated or consulted plaintiff for these injuries. For these reasons, we find that Dr. McConaughy satisfies the relationship-to-the-case test and that his testimony was properly allowed by the trial court.

Plaintiff next argues that the trial court erred in excluding the statements made by Walton to his coworker Feazell. The trial court found that Walton's alleged statements about plaintiff stepping on a nail were not admissible as party admissions because Walton did not have actual or apparent authority to make statements about the safety of the workers. Plaintiff contends, however, that this is immaterial since Walton's statements do not constitute hearsay.

Hearsay evidence has been defined as testimony in court or written evidence of a statement made out of court being offered to show the truth of the matter asserted. *People v . Simms*, 143 Ill. 2d 154, 173 (1991); *People v. Carpenter*, 28 Ill. 2d 116, 121 (1963). Plaintiff contends that Walton's statements were not offered to show the truth of the matter asserted but, rather, to show why Feazell approached plaintiff. After reviewing the record, it seems obvious that this testimony was being offered to show that plaintiff did, in fact, step on a nail at Dominick's. Therefore, the real issue is whether an exception to the hearsay rule is applicable.

■ Plaintiff argues that Walton's statements constitute party admissions. In order for a statement to qualify as a party admission, the party offering the statement must establish that (1) the declarant was an agent or employee; (2) the statement was made about a matter over which he had actual or apparent authority; and (3) the declarant spoke by virtue of his authority as an agent or employee. *Bafia v. City International Trucks, Inc.*, 258 Ill. App. 3d 4, 9 (1994). In this case, Feazell testified that Walton was a coworker of his and, therefore, an employee of Dominick's. However, plaintiff offers nothing to support his contention that Walton had actual or apparent authority as to safety issues. Rather, plaintiff simply states that job safety was a responsibility of all employees. Even assuming this is true, it is hardly enough to create actual or apparent authority in all Dominick's employees, such that all of their statements would constitute party admissions.

Since decisions as to the admissibility of evidence are matters within the discretion of the trial judge (*Bafia*, 258 Ill. App. 3d at 10),

and since plaintiff is lacking evidence to support his contention, we conclude that such testimony was properly deemed inadmissible by the trial court.

Plaintiff's final contention is that the cumulative effect of the trial errors caused him unfair prejudice and resulted in an unfair trial. After a careful review of the record, we cannot find that plaintiff was given an unfair trial or that the verdict was against the manifest weight of evidence.

In light of the foregoing, we affirm the judgment of the circuit court.

Affirmed.

RAKOWSKI and McNULTY, JJ., concur.