FOURTH DIVISION

FILED: 6/28/01

No. 1-00-3279

JILL A. PAVLIK, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

v. )

)

WAL-MART STORES, INC., a Delaware )

Corporation, ) Honorable

) Mary A. Mulhern,

Defendant-Appellee. ) Judge Presiding.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Jill A. Pavlik, appeals from a summary judgment entered in favor of the defendant, Wal-Mart Stores, Inc., on her complaint seeking recovery under a premises liability  theory, and from a subsequent order denying her motion for reconsideration.  For the reasons which follow, we reverse and remand this cause to the circuit court for further proceedings.

The plaintiff filed the instant action seeking to recover damages for injuries she suffered on March 18, 1995, when she slipped and fell on a liquid substance while shopping at the defendant's store.  The plaintiff alleged that, at the time she fell, she was lawfully on the defendant's premises as a customer; that the defendant had a duty to exercise ordinary care in the operation of its premises; and that it breached this duty because (1) its employee failed to wipe the liquid substance from the floor, (2) its employee spilled the liquid substance on the floor, but failed to clean the floor afterwards, and (3) it failed to warn the plaintiff that a liquid substance had been spilled on the floor.  She further alleged that, as a proximate result of the defendant's negligence, she sustained serious and permanent personal injuries.  The defendant answered the complaint, denying that it breached its duty to the plaintiff or that any of its employees were negligent.

The plaintiff testified in her deposition that, on the date in question, she and her father, Andrew Pavlik, were at the defendant's store in an aisle containing hair products.  She walked to the end of the aisle, turned to her right to walk around the corner, and then slipped on a liquid substance and fell, landing on her right knee.  According to the plaintiff, the substance on which she fell was hair conditioner.  She testified that, after the fall, she observed a 12 to 14-inch wide puddle of conditioner and a conditioner bottle on the floor, but had no idea how the conditioner came to be on the floor or how long it had been there prior to her accident.  There were no markings indicating that anyone had walked through the puddle of conditioner before the plaintiff's fall.  Andrew Pavlik's deposition testimony substantially corroborated that of the plaintiff. 

The defendant moved for summary judgment, asserting that, in light of the above deposition testimony, the plaintiff would not be able to establish negligence on its part because there was no evidence that an employee caused the conditioner to spill, or that the defendant knew of or should have discovered the presence of the spilled conditioner.  In response, the plaintiff argued that a genuine issue of material fact existed as to the question of whether the defendant, through its employees, had knowledge of the spilled conditioner and should have cleaned it up prior to the accident.  Specifically, she relied on her testimony that, after she fell, one of the defendant's employees, someone "like a store clerk," stated that the puddle of conditioner "should have been cleaned up before."  Andrew Pavlik also testified that an employee remarked, in reference to the puddle,"oh, she was supposed to clean that up and she didn't."  In its reply brief in support of the motion for summary judgment, the defendant argued that the deposition testimony regarding the post-occurrence statements of its employee constituted inadmissible hearsay and, therefore, could not be used to create a genuine issue of material fact defeating summary judgment.

After hearing oral argument, the trial court entered summary judgment in favor of the defendant, stating:

"in as much as the statement attributed to an unidentified employee of [defendant] that 'it [the puddle] should have been cleaned up before' is not admissible since it is hearsay, and there is no genuine issue of material fact regarding defendant's actual or constructive notice of said puddle."

Thereafter, the plaintiff filed a motion for reconsideration which the trial court denied.  This appeal followed.

Summary judgment is to be granted only when the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2-1005(c) (West 1998).  Since our review of the summary judgment entered in this action is 
de novo
 (
In re Estate of Hoover
, 155 Ill. 2d 402, 411, 615 N.E.2d 736 (1993)), we have examined all of the pleadings and evidentiary material on file in their light most favorable to the plaintiff (
Kolakowski v. Voris
, 83 Ill. 2d 388, 398, 415 N.E.2d 397 (1980)).

To recover on a negligence claim, the plaintiff must establish the existence of a duty owed by the defendant, a breach of that duty, and an injury proximately resulting from that breach.  
Miller v. National Ass'n of Realtors
, 271 Ill. App. 3d 653, 656, 648 N.E.2d 98 (1994).  If the plaintiff cannot establish an element of her cause of action, summary judgment for the defendant is proper.  
Pyne v. Witmer
, 129 Ill. 2d 351, 358, 543 N.E.2d 1304 (1989).

The parties do not dispute that the defendant owed the plaintiff, its invitee, a duty to exercise ordinary care in maintaining its premises in a reasonably safe condition.  See 
Ward v. K Mart Corp.
, 136 Ill. 2d 132, 141, 554 N.E.2d 223 (1990).  Rather, the question in the instant case is whether the plaintiff can establish that the defendant breached this duty.  A business owner breaches its duty to an invitee who slips on a foreign substance if "(1) the substance was placed there by the negligence of the proprietor or (2) [its] servant knew of its presence, or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, i.e. the proprietor had constructive notice of the substance."  
Hayes v. Bailey
, 80 Ill. App. 3d 1027, 1030, 400 N.E.2d 544 (1980); see also 
Olinger v. Great Atlantic & Pacific Tea Co.
, 21 Ill. 2d 469, 173 N.E.2d 443 (1961).

In the instant action, the plaintiff does not contend that she presented evidence establishing that the conditioner was placed on the floor by the negligence of the defendant or that the defendant had constructive notice of the spill.  Rather, the plaintiff argues that triable issues of fact regarding the defendant's actual notice of the spilled conditioner precluded summary judgment in the defendant's favor.  She relies on her deposition testimony, as well as that of Andrew Pavlik, regarding post-occurrence statements by the defendant's employee.  As stated previously, the plaintiff testified that an employee, "like a store clerk," commented that the puddle of conditioner "should have been cleaned up before," and Andrew Pavlik testified that an employee remarked "oh, she was supposed to clean that up and she didn't."  The plaintiff argues that the trial court erred in ruling that these statements constituted inadmissible hearsay.  She contends that the statements are within the party admission exception to the hearsay rule.  We agree with the plaintiff.

Under Supreme Court Rule 191(a) (145 Ill. 2d R. 191(a)), evidentiary materials filed in support of or in opposition to a motion for summary judgment must consist of "facts admissible in evidence."  Hearsay is an out of court statement offered to prove the truth of the matter asserted and is inadmissible unless it falls within one of the recognized exceptions to the rule.  
People v. Lawler
, 142 Ill. 2d 548, 557, 568 N.E.2d 895 (1991).  Any statement made out-of-court by a party to an action or attributable to a party to an action, which tends to establish or disprove any material fact in a case, is admissible as an exception to the hearsay rule and is competent evidence against that party.  
Bafia v. City International Trucks, Inc.
, 258 Ill. App. 3d 4, 9, 629 N.E.2d 666 (1994).  Further, a statement by an agent may constitute an admission on the part of her principal which can be introduced substantively against the principal.  
Oaklawn Trust & Savings Bank v. City of Palos Heights
, 115 Ill. App. 3d 887, 896, 450 N.E.2d 788 (1983).  The courts of this State have used two different approaches in determining whether a statement by an agent or employee constitutes an admission by her principal or employer, the traditional agency approach and the scope of employment approach.

Under the traditional agency approach, the proponent of the statement must establish that (1) the declarant was an agent or employee, (2) the statement was made about a matter over which she had actual or apparent authority, and (3) she spoke by virtue of her authority as such agent or employee.  
Jenkins v. Dominick's Finer Foods, Inc.
, 288 Ill. App. 3d 827, 834, 681 N.E.2d 129 (1997); 
Bafia
, 258 Ill. App. 3d at 9;  
Roberts v. Norfolk & Western Ry. Co.
, 229 Ill. App. 3d 706, 713-14, 593 N.E.2d 1144 (1992).  In applying this rule, many courts found damaging statements to be outside the scope of authority, even in cases involving relatively high-level employees, since employees are seldom hired to make damaging statements.  
Halleck v. Coastal Building Maintenance Co.
, 269 Ill. App. 3d 887, 892, 647 N.E.2d 618 (1995); see 
Jenkins
, 288 Ill. App. 3d at 834; see also Cleary & Graham's Handbook of Illinois Evidence §802.9, at 770 (7th ed. 1999) [hereinafter Handbook].  The modern trend in Illinois case law seemingly rejects the traditional agency approach in favor of the scope of employment approach espoused by Rule 801(d)(2)(D) of the Federal Rules of Evidence (Fed. R. Evid. 801(d)(2)(D)), which provides that statements by an employee concerning a matter within the scope of her employment constitute admissions by her employer if the statements are made during the existence of the employment relationship.  Handbook §802.9, at 770-74; see, 
e.g.
, 
Vojas v. K mart Corp.
, 312 Ill. App. 3d 544, 727 N.E.2d 397 (2000); 
Halleck
, 269 Ill. App. 3d 887;  
Rinchich v. Village of Bridgeview
, 235 Ill. App. 3d 614, 601 N.E.2d 1202 (1992); 
Miller v. J.M. Jones Co.
, 225 Ill. App. 3d 799, 587 N.E.2d 654 (1992).  Under the scope of employment approach, the proponent of the evidence need not establish that the employee's statement was specifically authorized by the employer.  See 
Vojas
, 312 Ill. App. 3d 544; 
Halleck
, 269 Ill. App. 3d 887.

The first district of this court is without consensus as to which approach to follow.  The scope of employment approach was first used in 
Rinchich
, although this court noted that the traditional agency approach continued to retain adherents.  
Rinchich
, 235 Ill. App. 3d at 626-27.
  Subsequently, the 
Bafia
 court seemingly analyzed the evidentiary question at issue in that case using both approaches.  
Bafia
, 258 Ill. App. 3d at 9-10.  Most recently, the 
Jenkins
 court reverted back to the traditional agency approach altogether.  
Jenkins
, 288 Ill. App. 3d at 834.  Notwithstanding, we agree with the reasoning in 
Rinchich
, as well as 
Vojas
 and 
Halleck
, which eliminated the requirement of proof that the employee's statement was specifically authorized by the employer and focused instead on whether the employee's statements concerned matters within the scope of her employment.  We find this view to be the better reasoned and, therefore, adopt it.

In the instant action, the plaintiff and Andrew Pavlik testified that the statements at issue were made by an employee of the defendant on the day of the plaintiff's fall.  Generally, an employee's knowledge of a dangerous condition or spilled substance on the premises is considered sufficient to impute notice to a defendant employer, because an employee has a responsibility either to correct the unsafe condition or clean the spilled substance from the floor, or report the problem to her superiors.  See 
Perminas v. Montgomery Ward & Co.
, 60 Ill. 2d 469, 474-75, 328 N.E.2d 290 (1975).  Given that the defendant's employee should have either cleaned the spill or reported the condition to her superior, the statements at issue concerning her prior knowledge of the existence of the spill fell within the scope of her employment.  See 
Vojas
, 312 Ill. App. 3d at 548.  Because the statements at issue were made by the defendant's employee during the employment relationship about a matter within the scope of employment, the statements fall within the party admission exception to the hearsay rule.  Accordingly, we find that the trial court erred in finding that the post-occurrence statement relied upon by the plaintiff in opposition to the defendant's motion for summary judgment constituted inadmissible hearsay.

Based upon the foregoing analysis, we find that the plaintiff presented at least some evidence of actual notice of the spilled conditioner on the defendant's part prior to the accident, thereby creating a triable issue of material fact precluding summary judgment.  Accordingly, we reverse the entry of summary judgment in favor of the defendant and remand the cause to the circuit court for further proceedings.

Reversed and remanded.

SOUTH and BARTH, JJ., concur.